IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| William C. McKinnedy, III, #256024, (aka McKinney, McKennedy), | ) ) ) |
| Petitioner, | ) C.A. No. 6:10-1247-HMH ) ) |
| vs. | ) **OPINION & ORDER** ) |
| Cecilia R. Reynolds, | ) ) |
| Respondent. | ) |

This matter is before the court with the Report and Recommendation of United States Magistrate Judge William M. Catoe, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 of the District of South Carolina.[1] William C. McKinnedy III ("McKinnedy") is a pro se prisoner seeking habeas corpus relief pursuant to 28 U.S.C. § 2254. In his Report and Recommendation, Magistrate Judge Catoe recommends dismissing McKinnedy's habeas petition as successive pursuant to 28 U.S.C. § 2244(b)(2). (Report and Recommendation 8.) On June 2, 2010, McKinnedy filed a motion for authorization to file a successive § 2254 petition as well as a "motion for recusal."

McKinnedy filed objections to the Report and Recommendation. Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

recommendation is accepted by the district judge.  See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984).  In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation.  See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the court finds that the majority of McKinnedy's objections are non-specific, unrelated to the dispositive portions of the magistrate judge's Report and Recommendation, or merely restate his claims.  However, the court was able to glean one specific objection.  McKinnedy asserts that the instant § 2254 petition is not successive because "a new rule made retroactive cannot be considered as successive [and] must be reviewed on the merits."  (Objections 3.)

McKinnedy alleges that the United States Supreme Court's decision in Kimbrough v. United States, 552 U.S. 85, 111 (2007), applied a new rule of constitutional law that has been made retroactive to cases on collateral review, including the instant § 2254 petition.  (Objections 2.)  McKinnedy asserts that Kimbrough allows "the U.S. District Court, in sentencing a defendant for manufacturing or distribution of crack cocaine, . . . [to] consider the disparity between the sentencing treatment of crack & powder cocaine offenses under the applicable statutes."  (McKinnedy Mem. Supp. § 2254 Pet., 3.)

> A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--
>
> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

2

> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

§ 2244(b)(2). In <u>Kimbrough</u>, the United States Supreme Court reversed and remanded a case to the United States Court of Appeals for the Fourth Circuit after the Fourth Circuit vacated the defendant's sentence. 552 U.S. at 111-12. The Fourth Circuit vacated the sentence explaining that "a sentence outside the guidelines range is per se unreasonable when it is based on a disagreement with the sentencing disparity for crack and powder cocaine offenses." <u>Id.</u> at 93 (internal quotation marks omitted). The Supreme Court granted certiorari to "determine whether the crack/powder disparity adopted in the United States Sentencing Guidelines [("U.S.S.G.")] has been rendered 'advisory.'" <u>Id.</u> at 93. Upon review, the Court held that the crack/powder ratio is not mandatory. <u>Id.</u> at 108. According to the Supreme Court, a district court may deviate from the 100 to 1 ratio for crack/cocaine disparity in considering sentencing factors in 18 U.S.C. § 3553(a). <u>Id.</u> Therefore, the Supreme Court concluded that the district court's sentence was reasonable despite its deviation from the guideline range. <u>Id.</u> at 111.

Even assuming <u>Kimbrough</u> states a new rule of constitutional law that is retroactive to cases on collateral review, <u>Kimbrough</u> does not apply to McKinnedy's state sentence. McKinnedy relies upon <u>Kimbrough</u>, which interpreted the U.S.S.G. McKinnedy was not sentenced under the U.S.S.G. nor was he sentenced in a federal district court. Rather, McKinnedy pled guilty and was sentenced in the Court of General Sessions for Greenville

County, South Carolina. As such, Kimbrough has no effect on McKinnedy's sentence. Therefore, McKinnedy's objection is without merit.

McKinnedy also filed a motion for authorization to file a successive § 2254 petition with this court. "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Accordingly, McKinnedy has filed his motion for a certificate of appealability in the incorrect forum. Therefore, the court dismisses McKinnedy's motion as the United States Court of Appeals for the Fourth Circuit is the proper forum in which to submit this motion.

Lastly, McKinnedy seeks the disqualification of Magistrate Judge Catoe and the undersigned from hearing any further matters relating to his § 2254 petition. McKinnedy alleges that the judges "have an interest in the outcome of the case & I would be denied the right to be heard, if heard by them, because of their prejudice." (Mot. Recusal 2.) McKinnedy has provided the court with no evidence to establish a conflict of interest or prejudice on the part of either of the aforementioned judges. McKinnedy merely asserts his discontent with the outcome of the previous habeas rulings made by the judges. As such, McKinnedy's motion for recusal is denied.

It is therefore

**ORDERED** that McKinnedy's § 2254 petition, docket number 1, is dismissed without prejudice and without issuance and service of process upon Respondents; it is further

**ORDERED** that McKinnedy's motion for authorization to file a successive § 2254 application, docket number 14, is dismissed as the Court of Appeals for the Fourth Circuit is the proper forum in which to raise this motion; and it is further

**ORDERED** that McKinnedy's motion for recusal, docket number 15, is denied.

**IT IS SO ORDERED**.

s/Henry M. Herlong, Jr.
Senior United States District Judge

Greenville, South Carolina
July 8, 2010

### NOTICE OF RIGHT TO APPEAL

Petitioner is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.